# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LEE J. DONTON,**

    **Plaintiff,**

**vs.**                                        **CASE NO. 4:24-cv-415-MW-MAF**

**SOCIAL SECURITY ADMINISTRATION, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, initiated this case by filing a civil rights complaint on October 10, 2024. ECF No. 1. Due to insufficiencies with the complaint, the Court allowed Plaintiff an opportunity to submit an amended complaint. ECF No. 4. On November 4, 2024, Plaintiff filed a motion requesting an extension of time, which was granted. ECF Nos. 5, 6. Plaintiff's deadline to file an amended complaint was extended to December 4, 2024. He has not done so. Additionally, the Court's Order granting the extension of time, ECF No. 6, was returned as undeliverable and "refused, unable to forward" on November 15th. ECF No. 7. Plaintiff did not provide a secondary address or e-mail address. See ECF Nos. 1, 5.

Plaintiff's original complaint was largely unintelligible, with the statement of facts only containing a short paragraph that stated the

Defendants denied him his "rights as a U.S. citizen to obtain "the to file to have [his] rights restored from the U.S. government, Social Security, and Birth Right from the State that [he] was born in." ECF No. 1 at 4. He sought his "rights restore[d]" to "live and work under" under his own "free will." Id. at 6. He failed to cite to any constitutional provision or federal right which had been violated. Further, all three Defendants are federal or state agencies.

Plaintiff was instructed that because § 1983 imposes liability on any "person" who, under color of *state* law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws," the agencies were not proper Defendants. ECF No. 4 at 2. Second, the Court told Plaintiff *Bivens* claims are directed at federal officers and could not be brought against a federal agency itself—in the instant case, the Social Security Administration. Id. The Court informed Plaintiff of the type of information that was required in his amended complaint to comply with the local and federal rules of procedure. Id. at 3.

Plaintiff was warned that failure to comply with the Court's amendatory order would result in a recommendation of dismissal. Id. at 4. He was also warned that it was his responsibility to provide the Clerk's Office with a current address and if mail from the Court could not reach him, the case may be dismissed. Id.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order. <u>Moon v. Newsome</u>, 863 F.2d 835, 838 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

Furthermore, the Eleventh Circuit has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." <u>Id.</u> It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court order. <u>Smith v. Bruster</u>, 424 F. App'x 912, 915 (11th Cir. 2011).

Here, Plaintiff was given an opportunity to file a sufficient amended complaint as well as an extension of time to do so. He was warned that a recommendation of dismissal would be entered if he failed to submit a second amended complaint. He was also warned that if mail from the Court could not reach him, the case may be dismissed. As of this date, nothing further has been received from Plaintiff and the last communication from the Court, ECF No. 6, was returned to sender as refused without a forwarding address. Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

For the reasons stated above, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a court order.

**IN CHAMBERS** at Tallahassee, Florida on December 13, 2024.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**